ROBB, Judge,
concurring in result in part.
[1] I write separately to address only the first issue: whether the trial court abused its discretion when it failed to include Scott’s monthly structured settlement payments as income in the calculation’ of child support. The majority holds the trial court abused its discretion when it failed to include Scott’s monthly structured settlement payments in calculating his weekly gross income, citing the definition of “weekly gross income” in Indiana Child Support Guideline 3(A) and the decision in Knisely v. Forte, 875 N.E.2d 335 (Ind.Ct.App.2007), that a personal injury settlément may be included in the weekly gross income figure. See op. at ¶ 15.
[2] I agree with the majority that Guideline 3(A) defines weekly gross income as “income from any source,” and that it is a broader definition than the Internal Revenue Code definition of gross income, on which the trial court relied in excluding . Scott’s . structured settlement payments from his weekly gross income. However, I do not believe Knisely is particularly helpful' in determining whether Scott’s . structured settlement, payments are includable in his weekly gross income. Knisely was concerned with how to treat a one-time payment in settlement for an injury which left the father permanently disabled and unable to work. Here, despite the serious injuries Scott sustained several years before the marriage, he holds a steady job earning a weekly income of approximately $450 per week in addition to *522 his monthly structured settlement payments. Although Knisely held the trial court did not abuse its discretion in considering the one-time payment when calculating the father’s child support obligation, it appeal’s the father may have had no other means of supporting his children. Further, the opinion does not parse how the trial court calculated the father’s weekly income based upon the settlement amount. So although Knisely stands for the general proposition that it is not an abuse of discretion to consider some part of a lump-sum settlement in determining a party’s child support obligation, it does not specifically help us determine whether the trial court in this case erred in how it handled Scott’s structured settlement payments.
[3] We are concerned with determining Scott’s weekly gross income. “Income” is defined as “[t]hat which comes in as the periodical produce of one’s work, business, lands, or investments.... ” Oxford English Dictionary, OED Online, http://www.oed. com/view/Entry/93645?rskey=tQFS'VL& result=l#eid. Personal injury settlements may include an income-replacement component, but there is no indication that the entire settlement in this case was for that purpose. In fact, Scott is able to and does work a regular job, at least currently. But personal injury settlements are also intended to reimburse past and future medical expenses, disability, pain and suffering, caretaking, and other extraordinary expenses arising from an injury. Scott testified that he suffered a severe head injury which impacts his memory and leaves him at greater risk for developing Alzheimer’s, Parkinson’s, or dementia in the future, tr. at 45, and injuries to his leg and arm which restrict his physical activities, id. at 6-7. In addition, he is currently undergoing occupational therapy several times a week for which he pays directly. Id. at 62-63. To date, none of his structured settlement proceeds have been set aside for his future medical care or retirement. Id. at 40. Other courts which have addressed similar situations have taken the position that only those portions of a personal injury settlement that are meant to compensate for lost wages or future wage loss are “income” for child support purposes even under an expansive definition of “income.” See, e.g., Villanueva v. O’Gara, 282 Ill.App.3d 147, 218 Ill.Dec. 105, 668 N.E.2d 589, 592-96 (1996) (interpreting Illinois’s statutory definition of net income for child support purposes, Ill. Comp. Stat. 5/504 (net income is “the total of all income from all sources”), and holding it was error for the trial court to include the entire personal injury settlement amount in the child support calculation; also citing cases from several other jurisdictions deciding this issue).
[4] Scott earns a weekly wage from employment, and I therefore do not necessarily think the trial court would have abused its discretion in excluding the structured settlement payments from a calculation of Scott’s weekly gross income had it not based that exclusion solely on the Internal Revenue' Code definition of gross income. As the majority notes, the Internal Revenue Code is not the standard for determining weekly gross income for child support purposes, see op. at ¶ 13 (quoting Child Supp. G. 3(A), cmt. 2(b) that the weekly gross income figure may not be the same as gross income for tax purposes). It may be unfair to exclude all of the settlement proceeds where they have inured to the family’s benefit in the past but it may also be unfair to include all of the proceeds where Scott has need of them for his own care. Commentary to Guideline 3(A) urges judges to “be innovative in finding ways to include income that would have benefited the family had it remained intact, but be receptive to deviations where reasons justify them.” Child Supp. G. *523 3(A), cmt. 2(b); see also Harris, 800 N.E.2d at 940-41 (holding the trial court did not abuse its discretion in including only the net amount of settlement proceeds from a •wrongful termination lawsuit because that is the amount that, “would have ultimately benefited the children if the family had remained intact.”).
[5] Because the trial court’s decision was based on an improper legal standard, and subject to the caveat that the trial court should have the leeway on remand to make, an “innovative” determination regarding the inclusion or exclusion in whole or in part of Scott’s structured settlement payments, I concur in result as to the child support issue. As to the remainder of the opinion, I concur in full.