Kim M. SCHAEFFER, Appellant–Respondent,

v.

Joseph A. SCHAEFFER, Appellee–Petitioner.

No. 17A03–9907–CV–266.

Court of Appeals of Indiana.

Oct. 15, 1999.

Robert J. Bishop, Fort Wayne, Indiana, Attorney for Appellant.

Kevin L. Likes, Likes & Kraus, Auburn, Indiana, Attorney for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-respondent Kim M. Schaeffer ("Kim") appeals from an order modifying child support following the dissolution of her marriage to appellee-petitioner Joseph A. Schaeffer ("Joseph"). Kim contests the trial court's determination of Joseph's annual income and calculation of his effective tax rate.

We affirm in part, reverse in part and remand.

### Issues

Kim presents three issues for our review, which we consolidate and restate as:

(1) whether the trial court erred in using an average of Joseph's annual income over a five-year period rather than the most current year of income in determining his basic child support obligation; and,

(2) whether the trial court erred in calculating Joseph's effective tax rate, thus reducing his annual income for purposes of determining his basic child support obligation.

### Facts and Procedural History

Kim and Joseph were married in 1974 and divorced in 1988. Kim was awarded custody of the couple's three children: A.S, B.S., and G.S. A.S. was declared emancipated in 1995, after which the trial court ordered Joseph to pay $362.00 per week in child support for the benefit of the remaining children. In 1998, Joseph petitioned the court to emancipate B.S. and modify the existing support order accordingly.

Following an evidentiary hearing held on February 10, 1999, the trial court declared B.S. emancipated. In addition, the court entered the following findings:

9. Joseph A. Schaeffer presently remains the primary salesman for Midwest Tile and Concrete Products, Inc., he is the Secretary–Treasurer of the corporation, he owns 33 ⅓ of the corporate shares of stock, and he receives a regular weekly paycheck from the business.

10. Joseph A. Schaeffer also presently remains a one-third (⅓) partner in Canalway Properties the sole business of which is to own the real estate upon which the Midwest Tile and Concrete Products, Inc. place of business is located and to lease the real estate to that business.

11. Joseph A. Schaeffer's total gross income for the past five (5) years including an estimate of his 1998 gross income (see Exhibit 1 admitted into evidence) is as follows:

| 1994 | $117,338.00 |
| 1995 | 144,549.00 |
| 1996 | 149,652.00 |
| 1997 | 179,188.00 |
| 1998 | 195,452.00 (est.) |

totaling $786,179.00 divided by five (5) years = $157,236.00 average gross income per year.

12. The Court finds that Joseph A. Schaeffer's effective tax rates for 1994, 1995, 1996, 1997, and 1998 as set forth in Exhibit 1 admitted into evidence are slightly incorrect (slightly higher) be-

cause those computations for the four (4) years when Joseph A. Schaeffer had a small amount of self-employment tax (1994, 1995, 1996, and 1997) include the full amount of the self-employment tax in the calculation of his effective tax rates but Indiana Child Support Guideline 3 Commentary 2.a. provides that in the case of self-employment tax the payor should deduct only one-half (½) of that tax amount when calculating weekly gross income.

13. The corrected effective federal income tax rates for Joseph A. Schaeffer for the purpose of calculation of the child support amount are the following for the following tax years:

| | |
|---|---|
| 1994 | 27.64% |
| 1995 | 26.66% |
| 1996 | 27.49% |
| 1997 | 29.49% |
| 1998 | 29.82% |

averaging 28.22% over those years while the Indiana Child Support Guidelines assume an effective federal income tax rate of 21.88%.

14. For the purpose of computation of a modified child support order the Court uses the average gross income of Joseph A. Schaeffer over the past five (5) years, $157,236.00, and reduces it by 6.34% (which is the amount by which his average effective federal tax rate for the most recent five (5) years exceeds the 21.88% assumed by the Indiana Child Support Guidelines) which computation is $157,236.00 less $9,968.76 = $147,-267.24 divided by fifty-two (52) weeks = an average gross income of $2,832.06 per week.

Thereafter, the trial court modified the existing child support order and ordered Joseph to pay $235.00 per week in support for G.S., the couple's youngest child. Kim now appeals.

## Discussion and Decision

### Standard of Review

■ A trial court's modification of a support order will be reversed only for an abuse of discretion, that is, when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Bower v. Bower,* 697 N.E.2d 110, 113 (Ind. Ct.App.1998). In determining whether the trial court abused its discretion in modifying a child support order, we neither reweigh the evidence nor judge the credibility of witnesses, but rather, consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* Where there is substantial evidence to support the determination of the trial court, it will not be disturbed even though we may have reached a different conclusion. *Ullery v. Ullery,* 605 N.E.2d 214, 215 (Ind.Ct.App. 1992), *trans. denied.*

### Use of Average Annual Income

Kim initially argues that the trial court erred in using an average of Joseph's annual income over a five-year period rather than the most current year of income in determining his basic child support obligation. Specifically, Kim contends that the court improperly calculated Joseph's annual income as $157,236.00, where his current income is actually $195,452.00—a difference of almost $40,000.00.

■ While we acknowledge that trial courts must avoid "the pitfall of blind adherence to the computation for [child] support without giving careful consideration to the variables that require a flexible application of the [child support] guidelines," *Talarico v. Smithson,* 579 N.E.2d 671, 673 (Ind.Ct.App.1991), the flexibility inherent in the guidelines cannot be invoked contrary to the facts and circumstances of the case. Here, the evidence reveals that Joseph's salary from Midwest Tile and Concrete Products, Inc. has increased consistently over the last five years, anywhere from $5,000.00 to nearly $30,000.00 per year. More importantly, Joseph's salary has never decreased during this five-year period, despite his testimony that his income "fluctuates with the economy." The existing child support or-

der requires Joseph to pay support based on a figure almost $40,000.00 less than his current income. By averaging Joseph's annual income where there has been only upward movement in wages over the past five years, the trial court granted Joseph a windfall that deprives G.S. of "the same standard of living [she] would have enjoyed had the family remained intact." *Perri v. Perri,* 682 N.E.2d 579, 580 (Ind. Ct.App.1997). The trial court's decision to use a five-year average of Joseph's annual income rather than the most current year of income in determining his basic child support obligation is not supported by the record and was an abuse of discretion.[1]

### Calculation of Effective Tax Rate

Kim next contends that the trial court erred in calculating Joseph's effective tax rate, thus reducing his annual income for purposes of determining his basic child support obligation. Her claim of error appears to be two-fold: (1) that the trial court improperly included in Joseph's effective tax rate all governmental payroll deductions, including Medicare and Social Security taxes, when it should have included only income tax deductions; and (2) that the trial court improperly deducted 100% of Joseph's yearly F.I.C.A. tax payment instead of the one-half deduction allowed by Commentary 2(a) to the Indiana Child Support Guidelines.[2]

■ As to Kim's first contention, she has failed to present a cogent argument or cite to any legal authority in support thereof. Her claim of error is therefore deemed waived. *See Hiser v. Hiser,* 692 N.E.2d 925, 929 (Ind.Ct.App.1998); Ind. Appellate Rule 8.3(A)(7).

1. Ind. Child Supp. G. 4 allows a child support order to be modified if there is "a substantial and continuing change of circumstances." Thus, should Joseph's income hereafter diminish such that the current child support order becomes unreasonable, he is free to petition the trial court to modify the same. *See* Ind. Child Supp. G. 4 (Commentary).

2. Ind. Child Supp. G. 3 (Commentary 2(a)) provides:

As to Kim's second contention, a review of the record establishes that the trial court did not deduct all of Joseph's yearly F.I.C.A. tax payment as she alleges, but instead, properly relied on the one-half deduction contemplated by the Guidelines. Although Joseph's accounting expert calculated Joseph's annual effective tax rate based on Joseph's entire F.I.C.A. tax payment, the trial court corrected this error, noting that "Indiana Child Support Guideline 3 Commentary 2.a. provides that in the case of self-employment tax the payor should deduct only one-half (½) of that tax amount when calculating weekly gross income." The trial court subsequently recalculated Joseph's effective tax rate to comport with Guideline 3, Commentary 2(a). Thus, we find no error.

### Conclusion

We therefore reverse the trial court's decision to use Joseph's average annual income over a five-year period in determining his basic child support obligation, and remand with instructions that it use Joseph's most current annual income in making such determination. In all other respects, the trial court's order modifying child support is affirmed.

KIRSCH and DARDEN, JJ., concur.

■

The self-employed pay F.I.C.A. tax at twice the rate that is paid by employees. At present rates, the self-employed pay fifteen and thirty one-hundredths percent (15.30%) of their gross income to a designated maximum, while employees pay seven and sixty-five (7.65%) to the same maximum. The self-employed are therefore permitted to deduct one-half of their F.I.C.A. payment when calculating Weekly Gross Income.