**Connie L. BURKE, Appellant–
Petitioner,**

**v.**

**Timothy E. BURKE, Appellee–
Respondent.**

**No. 79A05–0310–CV–554.**

Court of Appeals of Indiana.

June 10, 2004.

---

Carolyn S. Holder, Holder and Smith Lafayette, IN, Attorney for Appellant.

Christopher D. Corrigan, Sean M. Persin, Withered & Corrigan, LLP, Lafayette, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Connie L. Burke (Mother), appeals the trial court's order granting the Appellee–Respondent, Timothy L. Burke's (Father), petition to modify his child support obligation due to change in circumstances.

We affirm.

### ISSUE

Mother raises two issues on appeal, which we consolidate and restate as follows: whether the trial court abused its discretion by modifying Father's child support obligation due to a change in circumstances.

### FACTS AND PROCEDURAL HISTORY

On March 6, 2001, Mother and Father's marriage was dissolved. Pursuant to the Decree of Dissolution, Mother was awarded custody of the parties' two minor children. Father was ordered to pay child support in the sum of $1,500.00 per month. At the time of the Decree of Dissolution, Father was employed at the University of Kansas, as an assistant football coach.

However, Father lost his job in Kansas, but did find employment as an assistant football coach at the University of Tennes-

see at Chattanooga. His position at the University of Tennessee at Chattanooga paid less than his job at Kansas. Thus, on July 10, 2002, Father filed a petition to modify his child support obligation. On October 17, 2002, the trial court modified Father's child support obligation to $912.16 per month, commencing August 5, 2002. The support was based upon Father's salary of $50,000.00 per year.

Thereafter, Father lost his job at the University of Tennessee at Chattanooga. Father obtained a new position as an assistant football coach at Indiana State University, in Terre Haute, Indiana. The position at Indiana State University pays Father $40,000.00 per year. Therefore, Father filed, pro se, a second petition to modify his child support obligation on March 10, 2003. However, on April 14, 2003, the trial court entered an Order finding that Mother was not served with Father's petition, which was filed on March 10, 2003. Particularly, Father sent the petition to an address where Mother no longer resided. The trial court ordered Father to serve all petitions on Mother, and continued the matter.

On April 15, 2003, Father filed an Amended Verified Petition to Modify Support, alleging a substantial change in circumstances. On August 7, 2003, the trial court conducted a hearing on the petition. At the conclusion of the hearing, the trial court took the matter under advisement. On August 20, 2003, the trial court issued an Order modifying Father's child support obligation to $171.98 per week, which is $745.24 per month, commencing April 15, 2003.

Mother now appeals. Additional facts will be supplied as necessary.

### DISCUSSION

■ Mother argues that the trial court abused its discretion by modifying Fa-

ther's child support obligation in contradiction of Ind.Code § 31–16–8–1. Specifically, Mother contends that the trial court modified the support order less than twenty percent and before the one-year limitation period imposed by I.C. § 31–16–8–1. Further, Mother alleges that Father did not present any evidence of changed circumstances, which supports a modification award. Conversely, Father maintains that the decrease in his income by $10,000.00 qualified as a substantial change in circumstances, which supported the trial court's modification award.

A trial court's modification of a support order will be reversed only for an abuse of discretion, that is, when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Schaeffer v. Schaeffer,* 717 N.E.2d 915, 917 (Ind.Ct.App.1999). In determining whether the trial court abused its discretion in modifying a child support order, we neither reweigh the evidence nor judge the credibility of witnesses, but rather, consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* Where there is substantial evidence to support the determination of the trial court, it will not be disturbed even though we may have reached a different conclusion. *Id.; Ullery v. Ullery,* 605 N.E.2d 214, 215 (Ind. Ct.App.1992), *trans. denied.*

Child support orders may be modified based upon the following statutory guidelines:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

    (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

    (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

*See* I.C. § 31–16–8–1.

Mother now argues that the trial court abused its discretion by modifying the child support order because Father's petition failed to meet the twenty percent test and the one-year test. In particular, Mother points out that there was not a twenty percent deviation from the $912.16 per month Father was ordered to pay. Further, Mother asserts that Father filed the petition to modify his child support obligation less than one year after the prior modification order was entered. However, we find Mother's argument misplaced.

Particularly, the record shows that Father filed his petition for modification of child support obligation based on a change in his circumstances so substantial and continuing as to make the terms unreasonable, *i.e.,* his new position. Indiana Code section 31–16–18–1, mandates that a child support order may be modified by satisfying either I.C. § 31–16–8–1(1) *or* I.C. § 31–16–8–1(2). In her brief, Mother attempts to convince this court that both subsections of I.C. § 31–16–8–1 must be satisfied. However, we reject Mother's contention. *See N.D.F. v. State,* 775 N.E.2d 1085, 1088 (Ind.2002) (we will not read into the statute that which is not the expressed intent of the legislature). Accordingly, we direct our review to whether Father's decrease in salary constituted a substantial change in circumstances so substantial and continuing as to make the terms of his original obligation unreasonable.

Here, the record shows that Father obtained a new position as an assistant football coach, earning $10,000.00 less than his prior job. However, there is no evidence or finding that Father left his higher-paying job to avoid paying child support or to punish Mother or the children. To the contrary, Father lost his position as an assistant football coach at the University of Tennessee at Chattanooga because the head coach lost his job, not because he performed poorly. Due to the nature of the college coaching positions, when the head coach is fired at a college program, the assistant coaches are usually fired as well. The record shows where despite his efforts, Father was forced to accept a lower paying job in the industry within which he had skills and expertise. "It is not our function to approve or disapprove of the lifestyle of these parties or their career choices and the means by which they choose to discharge their obligations in general." *In re Buehler*, 576 N.E.2d 1354, 1356 (Ind.Ct.App.1991).

Further, the record reveals that at the hearing, Father presented evidence that he was on a "tight" budget and after all monthly bills were paid, he had very little discretionary income left. As a result, he was financially unable to visit his children as he wished, who relocated to New York.

Accordingly, based upon the undisputed facts and circumstances, we find that the trial court correctly determined that Father's decrease in pay was a substantial change in circumstances. Consequently, we conclude that the trial court did not abuse its discretion by granting Father's Petition to Modify Child Support Obligation. *See Schaeffer*, 717 N.E.2d at 917.

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by modifying Father's child support obligation based on a change in his circumstances so substantial and continuing as to make the terms of his original obligation unreasonable. *See* I.C. § 31–16–8–1.

Affirmed.

KIRSCH, C.J., and NAJAM, J., concur.