Nancy A. NAVILLE, Appellant–Petitioner,

v.

James F. NAVILLE, Appellee–Respondent.

No. 79A02–0406–CV–459.

Court of Appeals of Indiana.

Dec. 7, 2004.

Carolyn S. Holder, Holder and Smith, Lafayette, IN, Attorney for Appellant.

Steven P. Meyer, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg, McBride, Walkey & Stapleton, PC, Lafayette, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

■ Appellant-petitioner Nancy Naville appeals the trial court's order granting Appellee-respondent James Naville's motion to modify child support. Specifically, Nancy makes five arguments, which we consolidate and restate as follows: the trial court abused its discretion by (1) modifying the parties' child support order based on a Parenting Time Credit applied to James; (2) applying the Parenting Time Credit to James while simultaneously leaving in place a fifty percent abatement that was awarded to him pursuant to outdated Child Support Guidelines; and (3) modifying the original child support order when James claimed one of the children as a dependent for tax purposes.[1] James ar-

---

1. Nancy raises an argument regarding the vagueness of the trial court's order for the first time in her reply brief. A party may not raise an argument for the first time in its reply brief. *See, e.g., State v. Friedel,* 714 N.E.2d 1231, 1243 (Ind.Ct.App.1999); *see also* Ind. R.App. Proc. 46(C). Consequently,

gues that the trial court erred by failing to include the amount of uninsured medical expenses for which Nancy is responsible in its order.

Concluding that the trial court properly modified the original child support order but improperly left the fifty percent abatement in place and failed to indicate in its order the amount of uninsured medical expenses for which Nancy is responsible, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## FACTS

The facts most favorable to the judgment are that the Navilles were divorced in October 1994. The Decree of Dissolution provides that the parties have joint legal custody of their two minor children, with Nancy retaining physical custody and James having visitation rights pursuant to the Tippecanoe County Access and Visitation Guidelines. James was required to pay $215 per week in child support, but was allowed a fifty percent abatement in support for any full week that the children lived with him. Pursuant to their Settlement Agreement, Nancy and James each claim one of the children as a dependent for federal and state income tax purposes.

In 1999, James filed a citation of contempt and verified petition for modification of visitation. On November 10, 1999, the trial court granted James's petition (the "1999 Order"), requiring that James's visitation rights must comply with the updated Tippecanoe County Visitation and Access Guidelines and ordering James to

have overnight parenting time on Wednesday nights.[2] Since the 1999 Order, James has exercised parenting time every other weekend (Friday and Saturday evenings), every Wednesday night, five days at Christmas, a week every other spring break, and six weeks during the summer. The trial court agreed with James that the actual number of overnights that James spends with the children totals 148 annually.

In January 2004, James filed a motion to modify support. He had filed no previous petitions to modify support since the decree of dissolution was entered in 1994. In 1994, James had a weekly gross income of $670 and Nancy had a weekly gross income of $240. Appellant's App. p. 99. At the time James filed the motion to modify support, James had a weekly gross income of $1,065 and Nancy had a weekly gross income of $846.15. After a hearing on the merits, the trial court granted James's motion, entering the following order on April 30, 2004:

The Court having had this matter under advisement now finds that:

1. There has been a substantial and continuing change in circumstances which makes the Court's present order as to support unreasonable.

2. This Court's order as to support should be and the same is hereby modified.

3. The Husband shall pay as support for the parties' minor children the sum of $79.70 each Friday, beginning Friday May 7, 2004, through the Clerk of this county.

she has waived this issue and we decline to address it.

2. The trial court ordered James's visitation schedule to comply with "Exhibit A," but apparently Exhibit A was not a part of the court's record. James testified at the hearing on his motion to modify the child support

order that "Exhibit A" was the "new current guidelines," meaning the 1997 Tippecanoe County Visitation and Access Guidelines, and that the parties operated pursuant to those guidelines after the 1999 Order. Appellant's App. p. 31, 80–82.

4. Any Child Support Income Withholding Order previously entered herein is set aside.

5. Counsel for either party may submit a proposed Child Support Income Withholding Order if desired.

6. In addition to the weekly support the Husband shall pay one-half of all fees of the children's school sports activities.

7. Each party shall pay his or her own attorney's fees.

Judgment entered on the above findings. Each of the parties are [sic] ordered to comply fully with each of the provisions hereof.

Appellant's App. p. 8–9. Nancy now appeals.

### DISCUSSION AND DECISION

■ As we consider Nancy's appeal from the trial court's order, we note that a trial court's modification of a support order will be reversed only for an abuse of discretion. *Burke v. Burke,* 809 N.E.2d 896, 898 (Ind.Ct.App.2004). The trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances. *Id.* In determining whether the trial court abused its discretion, we neither reweigh the evidence nor judge the credibility of witnesses, rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* Where there is substantial evidence to support the trial court's determination, we will not disturb it even though we may have reached a different conclusion. *Id.*

■ Indiana Code section 31–16–8–1 sets forth the circumstances under which a child support order may be modified:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requiring modification was filed.

The petitioning party bears the burden of proving the necessary change of circumstances to justify modification. *Dorgan v. Dorgan,* 571 N.E.2d 325, 326 (Ind.Ct.App. 1991).

### I. Parenting Time Credit

■ Nancy argues that the trial court erred in granting James's motion for modification of child support based on a Parenting Time Credit applied to him. Specifically, she contends that the Child Support Rules and Guidelines require that a child support order may not be modified solely based on a parenting time credit; rather, any modification must first meet the requirements of Indiana Code section 31–16–8–1 apart from any parenting time credit.

The Commentary to Indiana Child Support Guideline 6 explains that it provides for "a parenting credit based upon the number of overnights with the noncustodial parent ranging from 52 overnights annually to equal parenting time. As parenting time increases, a proportionally larger increase in the credit will occur." It goes on to note, however, that "[a] change in a child support order through the application of a parenting time credit does not constitute good cause for modification of the order unless the modification meets the requirements of Guideline 4." Guideline 4,

in turn, requires that a child support order "may be modified only if there is a substantial and continuing change of circumstances," referencing Indiana Code section 31–16–8–1.

Our review of Indiana case law reveals no other case that has addressed the issue presented here: whether a petitioner seeking a modification of a child support order must meet the requirements of Indiana Code section 31–16–8–1 without factoring in a parenting time credit to receive such credit, or whether instead the parenting time credit may be included in the trial court's calculation as it determines whether petitioner has fulfilled its statutory burden. As noted above, the commentary to Guideline 6 cautions that applying a parenting time credit is not good cause for modifying a child support order "unless the modification meets the requirements of Guideline 4."

It is clear that a modification of a child support order must meet the requirements of Indiana Code section 31–16–8–1, which is referenced in Guideline 4. What is slightly less clear is whether the trial court may apply the parenting time credit in determining whether petitioner has met the statutory requirements. Contrary to Nancy's contention, however, neither the Guidelines, the commentary thereto, nor Indiana code section 13–16–8–1 suggest that a portion of the Guidelines—specifically, the part pertaining to the parenting time credit—should be ignored when applying either the "substantial and continuing" change test or the twenty percent change test to a proposed modification. Indeed, such an interpretation would remove all meaning from the parenting time credit altogether.

Nancy argues that the commentary "establishes that application of the parenting time credit alone, does not justify modification." Appellant's Br. p. 9. We agree. A petitioner seeking modification of a child support order must still meet either the "substantial and continuing" change test or the twenty percent change test to be successful. But the petitioner may apply the parenting time credit to attempt to fulfill either test. It is not a foregone conclusion that in every case, or even in most cases, that the application of the parenting time credit would result in the fulfillment of one of the applicable tests, as it did in this case. There is no reason, therefore, to raise the alarm about a "flood of litigation based only on the adoption of the recent amendments," *id.*, as Nancy does. Petitioners seeking a modification of a child support order must still meet one of the requisite statutory tests, but they may apply the parenting time credit in an attempt to do so.

In this case, the trial court found that James spends 148 overnights with the children on an annual basis. Appellant's App. p. 8–12. While Nancy disagrees with this calculation, our review of the record reveals sufficient evidence in favor of this calculation such that the trial court did not abuse its discretion. The trial court further calculated that James's total weekly support obligation is $220.67, and that he should receive a parenting time credit of $134.97 based on his parenting time with the children, leading to a total weekly payment of $79.70. *Id.* Because $79.70 differs by more than twenty percent from $215, the weekly amount that James was previously responsible for paying pursuant to the parties' settlement agreement, Appellant's App. p. 91, James met the twenty percent test imposed by Indiana Code section 31–16–8–1. Consequently, the trial court properly modified the child support order. Although the trial court also found that the amount of James's visitation and the parties' respective earning power had evolved significantly since the 1994 di-

vorce, we need not consider whether he also met the "substantial and continuing" change test.

Nancy makes a number of other arguments about the trial court's calculation of James's new child support payment, but they all boil down to one concern: her "ability to support the children is compromised" because she will be receiving a smaller amount of child support from James after the modification. Appellant's Br. p. 16. While we sympathize with Nancy's situation, the role of a reviewing court is neither to reweigh facts nor judge the credibility of witnesses. The trial court found, after hearing testimony from both Nancy and James and weighing all evidence, that this modification is warranted. The trial court must have necessarily concluded that Nancy will be able to continue to support the children under the new scheme, and while we may not have arrived at the same conclusion, our review of the record reveals sufficient evidence to conclude that the trial court did not abuse its discretion.

## II. Fifty Percent Abatement

Nancy argues, and James agrees, that the trial court erred by reducing James's child support payment from $215 per week to $79.70 per week while leaving in place a fifty percent abatement he received pursuant to the outdated guidelines. Under the previous Child Support Guidelines, a noncustodial parent received a ten percent "visitation credit" and a fifty percent abatement of child support during long periods of visitation. The new guidelines dispense with those credits in favor of the parenting time credit, and the trial court erred by awarding James the parenting time credit while leaving in place the fifty percent abatement he received pursuant to the outdated guidelines.

## III. Tax Implications

Nancy next contends that the trial court erred in reducing James's child support payment to $79.70 per week when he claims one of their two children as a dependent for tax purposes. James counters by pointing to their agreement in the decree of dissolution that each parent would claim one child as a dependent for tax purposes; therefore, while he claims their son as a dependent, Nancy similarly claims their daughter. Appellant's App. p. 92, 97.

There is simply no support in the record for Nancy's assertion that the decrease in James's child support payment is "blatantly unfair" because "he is reaping substantial benefits from the tax savings of claiming" their son as a dependent. Appellant's Br. p. 18. Not only do both parties reap an equal benefit by each claiming one of the children as a dependent, but the Child Support Obligation Worksheet does not take tax refunds and deductions into account because it uses the parents' gross, not net, weekly incomes in the calculation. Thus, the trial court did not abuse its discretion by modifying the child support agreement even though James claims the parties' son as a dependent for tax purposes.

## IV. Uninsured Medical Expenses

James contends that the trial court erred in failing to indicate in its modification order the amount of uninsured medical expenses for which Nancy is responsible. Specifically, he notes that while the Child Support Obligation Worksheet accompanying the order indicates that Nancy is responsible for the first $1,207.44 of annual uninsured medical expenses, Appellant's App. p. 10, that amount is not included in the order. It is therefore unclear whether the trial court meant for Nancy to be responsible for $1,207.44 or whether her previous responsibility—pursuant to the decree of dissolution—for the first

$570 of uninsured medical expenses continues to be the appropriate amount. If the trial court intends for her to be responsible for only $570, it has deviated from the guidelines [3] and must make written findings justifying the deviation. *In re C.R.R.*, 752 N.E.2d 58, 61 (Ind.Ct.App.2001). But if the trial court intends to increase the amount for which she is responsible to $1,207.44, it must include that responsibility in the order. We therefore remand this issue to the trial court to make an appropriate determination.

### CONCLUSION

In sum, we conclude that the trial court: (1) properly included the parenting time credit in its calculation to determine whether James met the statutory test and properly concluded that he met his statutory burden; (2) improperly left James's fifty percent abatement in place; (3) properly modified the child support order even though James claims one of the children as a dependent for tax purposes; and (4) must clarify the amount of uninsured medical expenses for which Nancy is responsible, and issue written findings if it deviates from the guidelines.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

KIRSCH, C.J., and BAILEY, J., concur.

---

3.  The commentary to Guideline 3(H) suggests that the custodial parent bear the cost of uninsured health care expenses up to six percent of the basic child support obligation. Under the modified child support order, six percent totals $1,207.44. Appellant's App. p. 10.