Susan KNOEBEL, Appellant–Plaintiff,

v.

**CLARK COUNTY SUPERIOR COURT NO. 1 and Clark County, Indiana, Appellees–Defendants.**

No. 22A01–0808–CV–384.

Court of Appeals of Indiana.

Feb. 17, 2009.

Steven A. Gustafson, New Albany, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, R. Jeffrey Lowe, Eric D. Johnson, Kightlinger & Gray, LLP, New Albany, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Susan Knoebel appeals from the trial court's grant of summary judgment in favor of Clark Superior Court No. 1 ("Superior Court") and Clark County. Knoebel raises four issues for our review, which we consolidate and restate as the following two issues:

1. Whether both Clark County and the Superior Court are necessary and proper parties to Knoebel's action for back pay during her service as a probation officer.

2. Whether either the Superior Court or Clark County owed Knoebel back pay.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 1, 2000, Knoebel began working as a probation officer for the Superior Court. Knoebel has a master's degree and became the chief probation officer, a position she held until February 1, 2007. As chief probation officer, Knoebel earned $47,531 per year. On February 1, 2007, Vickie L. Carmichael took office as Judge of the Superior Court, and Judge Carmichael selected a new chief probation officer. When Knoebel stepped down from the chief probation officer position, her pay was erroneously reduced to $27,588 per year, the minimum annual salary for a

probation officer with less than one year experience.

As a result of Knoebel's erroneous pay decrease, Judge Carmichael requested that the Clark County Council ("Council") amend Knoebel's salary. After holding two special meetings, the Council approved a 2007 salary for Knoebel in the total amount of $42,033. *See* Appellees' App. at 2. The Council's decision was based on "2007 Minimum Salary Schedule for Probation Officers" adopted by the Judicial Conference of Indiana ("Salary Schedule"). *See* Appellant's App. at 16–17.

The Salary Schedule provides for an increase in salary for probation officers in accordance with the officer's years of experience. For example, an officer with zero years of experience receives $27,588, while an officer with four to nine years of experience, such as Knoebel, receives $38,125. The Salary Schedule further states that

> [p]robation officers having a masters or doctorate degree … and a minimum of 5 years as an Indiana probation officer shall receive an additional 5% of their base salary each year. For example, the minimum salary for a probation officer with 5 years of experience in 2007 would be $38,125. If that officer had a masters degree then the minimum base salary would be $40,031 in 2007.

*Id.* at 16.

The Salary Schedule also provided for an increased salary for chief probation officers. For a chief probation officer with four to eight probation officers in the probation department, such as in Clark County, the Salary Schedule provides for a salary increase of $7,500. The Salary Schedule states that "[t]he amounts for supervisory roles are *in addition* to the minimum salary based on years of experience." *Id.* (emphasis original). That is, "[m]inimum salaries for Chief Probation Officers … are calculated based on their

years of experience plus the amount listed for their administrative role." *Id.* at 17. Finally, the Salary Schedule states that "Departments shall not reduce the salaries of probation officers who are paid above the minimum salary schedule." *Id.*

On May 1, 2007, Knoebel filed a complaint against the Superior Court and Clark County seeking back pay, statutory damages, and attorney's fees for subtracting from her salary the additional amount allocated for chief probation officers after her demotion. The parties filed cross motions for summary judgment, and the trial court held a hearing on those motions on July 11, 2008. On July 14, the court denied Knoebel's motion and granted the motions of the Superior Court and Clark County. Specifically, the court held that Knoebel "has no cause of action against the [Superior Court], as the court is not responsible for setting the salary paid to a probation officer." *Id.* at 9. The court also held that summary judgment for the Superior Court was proper because "the undisputed facts of this case demonstrate that [Knoebel] was properly paid and is not entitled to any additional salary." *Id.* The trial court granted a general judgment in favor of Clark County. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

■ Knoebel appeals from the trial court's grant of summary judgment to the Superior Court and Clark County. Our standard of review for summary judgment appeals is well established. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 908 (Ind.2001). An appellate court faces the same issues that were before the trial court and follows the same process. *Id.* The party appealing from a summary judgment decision has the burden of per-

suading the court that the grant or denial of summary judgment was erroneous. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having its day in court. *Id.*

Summary judgment is appropriate only if the pleadings and evidence sanctioned by the trial court show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 909 (quoting Ind. Trial Rule 56(C)). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

### Issue One: Proper Parties

The parties first dispute whether either the Superior Court, Clark County, or both are proper parties to Knoebel's action. In *In re Madison County Probation Officers' Salaries*, 682 N.E.2d 498, 500–02 (Ind.1997) ("*Madison County*"), our Supreme Court discussed the interrelationship between Indiana's counties and courts regarding probation officers' salaries:

> The Indiana Legislature has determined that probation officers serve at the pleasure of the courts that appoint them and that the salaries of probation officers are to be fixed by the courts. IND. CODE § 11–13–1–1(c). However, the funds for the salaries are to be paid out of the county or city treasury by the county auditor or city controller. IND. CODE § 11–13–1–1(c).

The task of adopting rules and regulations prescribing minimum standards applicable to probation officers was assigned by the Legislature to the Board of Directors of the Judicial Conference of Indiana ("Board"). IND. CODE § 11–13–1–8(b). The Judicial Conference and its Board were themselves created by legislative enactments. IND. CODE §§ 33–13–14–1, and –2. Among the several purposes of the Judicial Conference and its Board are the education of Indiana's state court judges and the promotion of an open exchange of information regarding the operation of the judiciary. IND. CODE § 33–13–14–4(1), (2), (3). The Legislature also assigned to the Board the responsibility for "prescribing minimum standards concerning ... compensation of probation officers." IND. CODE § 11–13–1–8(b)(2).

\* \* \*

The County Council contends that because the Board is a judicial entity, it should be prohibited from establishing minimum probation officer salaries because the appropriation of public funds is normally the province of the Legislative department.

This argument lacks merit. It has long been the law of this State that the judiciary has the constitutional authority to set the salaries of probation officers. *Noble County Council v. State ex rel. Fifer*, 234 Ind. 172, 125 N.E.2d 709 (1955). . . .

\* \* \*

[T]the minimum salary determinations of the Board, if ordered by a trial court and opposed by a county or municipality, are subject to scrutiny through the Trial Rule 60.5 mandate procedure. That procedure includes a trial on the merits

by a neutral arbiter and the opportunity for further review by this Court. These procedures provide a more than adequate means of check and balance on the Board's discharge of its obligation to establish minimum salaries for probation officers.

The County Council next argues that the Legislature may not authorize the Board to establish minimum salaries without also giving guidance on how to set the salaries. However, as already noted, the standards applied by the Board are built into the law governing Trial Rule 60.5 proceedings. In determining minimum salary levels for probation officers, the Board must consider what levels are reasonably necessary to attract and maintain qualified persons in service. *See, Morgan Circuit Court v. Morgan County Council,* 550 N.E.2d 1303, 1304 [ (Ind.1990) ] . . . .

Given that the authority to determine probation officers' salaries is vested in the judiciary, Clark County maintains that it is not a proper party to Knoebel's action.[1] Specifically, Clark County asserts:

Only if a court determined that she was supposed to be making one thing and Clark County differed[ ] would Clark County be a necessary party to the action. At this point in the litigation and at this stage of Mrs. Knoebel's claim, Clark County has done nothing wrong. Clark County has paid what the Superior Court requested Knoebel be paid. Knoebel does not have a claim that would justify using the extraordinary

remedy of mandamus to justify Clark County's participation in this case.

Clark County's Brief at 8.

Clark County is correct that, if the Superior Court had ordered Knoebel to be paid and Clark County had refused to pay her, the Superior Court could have used "the Trial Rule 60.5 mandate procedure" to order that the funds be paid to Knoebel. *See, e.g.,* Ind. Trial Rule 60.5; *Madison County,* 682 N.E.2d at 501–02. But that is not the dispute before us. Rather, here Knoebel claims that she was improperly denied back pay, and the Superior Court refused to order Clark County to pay the amount Knoebel alleged to be owed. A mandate ordering a county to release funds, however, must be initiated by a court. *See* T.R. 60.5 ("Courts shall limit their requests for funds to those which are reasonably necessary for the operation of the court or court-related functions."). There is no private cause of action to compel a mandate of funds. *See id.*

In pursuing her private cause of action, Knoebel was required by Indiana Trial Rule 19(A)(1) to join as a party all entities "in [whose] absence complete relief cannot be accorded." Further, Trial Rule 19(A)(2)(a) requires the inclusion of any party who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may[ ] as a practical matter impair or impede his ability to protect that interest." It is not disputed that the Superior Court, which determines Knoebel's pay, is one such party. Further, if Knoebel won her claim against the Superior Court, then her remedy would be an order directing

---

1. Although the trial court granted summary judgment to the Superior Court partially on the grounds that the Superior Court was not a proper party, the Superior Court does not defend that position on appeal. As such, and mindful that "[i]t has long been the law of this State that the judiciary has the constitutional authority to set the salaries of probation officers," we do not address that rationale for the trial court's ruling on summary judgment. *See Madison County,* 682 N.E.2d at 501.

Clark County to pay Knoebel accordingly. As Clark County points out on appeal, at that point it would be free to dispute the Superior Court's order. Such a dispute would deny Knoebel complete relief in accordance with the Trial Rules.

Accordingly, we hold that both the Superior Court and Clark County were necessary and proper parties to Knoebel's action for back pay. Again, it is well-established in Indiana that "probation officers serve at the pleasure of the courts that appoint them and that the salaries of probation officers are to be fixed by the courts." *Madison County,* 682 N.E.2d at 500 (citing I.C. § 11–13–1–1(c)). "However, the funds for the salaries are to be paid out of the county or city treasury by the county auditor or city controller." *Id.* (citing I.C. § 11–13–1–1(c)). In other words, any order obtained by Knoebel that did not compel both the Superior Court to fix and Clark County to pay her allegedly erroneous salary would provide an "absence [of] complete relief" to Knoebel, contrary to Indiana Trial Rule 19(A)(1). Knoebel therefore properly named both the Superior Court and Clark County as parties to her action.

### Issue Two: Back Pay

Nonetheless, while the trial court granted summary judgment to the Superior Court partially on the grounds that the Superior Court was not a proper party, that ruling does not require reversal. The court also held, and we agree, that summary judgment against Knoebel was proper because "the undisputed facts of this case demonstrate that [Knoebel] was properly paid and is not entitled to any additional salary." Appellant's App. at 9.

Contrary to Knoebel's claims, she was paid in accordance with the Salary Schedule. Knoebel's claim of damages depends on whether she was entitled to retain the $7,500 allocated to chief probation officers

after she lost that position on February 1, 2007. In support of her position, she notes that the Salary Schedule states, "Departments shall not reduce the salaries of probation officers who are paid above the minimum salary schedule." *Id.* at 16. In light of that language, Knoebel categorically asserts that "[p]robation officer salaries are to be maintained at their highest historical level" and that "the guidelines prohibit downward movement in probation officer compensation." Reply at 5. We cannot agree.

Although the salary increase due to chief probation officers is "*in addition* to the minimum salary based on years of experience," that salary increase is mandatory and therefore increases the minimum salary for chief probation officers. *See* Appellant's App. at 16 (emphasis original). As the Salary Schedule makes clear, "[m]inimum salaries for Chief Probation Officers ... are calculated based on their years of experience *plus the amount listed for their administrative role.*" *Id.* at 17 (emphasis added). Thus, when Knoebel received her $47,531 annual salary as chief probation officer, she received the minimum salary for a chief probation officer with a master's degree, 4–9 years experience, and 4–8 probation officers in her department. She did not receive, as she contends, a salary "above the minimum salary schedule." *See id.* at 16.

Because Knoebel never received a salary above the minimum required by the schedule, neither the Superior Court nor Clark County could have erred in reducing her salary by $7,500 annually once she ceased being the chief probation officer. Stated another way, Knoebel's salary went from being the minimum salary available to her as the chief probation officer to being the minimum salary available to her as a pro-

bation officer.[2] As such, the trial court did not err in granting summary judgment to the Superior Court or to Clark County.

Affirmed.

BAKER, C.J., and KIRSCH, J., concur.

2. For context, we note that not all counties pay their probation officers the minimum salary suggested in the Salary Schedule. *See, e.g., Madison County,* 682 N.E.2d at 502 ("A county neighboring Madison County is paying probation officers twenty percent above the minimum salary.").