# FOR PUBLICATION



**FILED**
Nov 18 2013, 5:33 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY J. SAUNDERS**
New Castle, Indiana

ATTORNEY FOR APPELLEE

**KIRK A. HORN**
Mandel Horn, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BART WHITESITT, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1302-MI-00072 |
| | ) | |
| TOWN OF KNIGHTSTOWN | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Brian D. Hill, Special Judge
Cause No. 33C03-1109-MI-011

**November 18, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Bart Whitesitt ("Whitesitt") appeals the Henry Circuit Court's order entering summary judgment in favor of the Town of Knightstown ("the Town") in which the trial court determined that the Town did not violate Indiana Code section 33-35-1-1 when it abolished the Knightstown Town Court ("the Town Court"). As we reach the same conclusion, we affirm.

**Facts and Procedural History**

The Town established the Town Court in 1970 by Ordinance Number 5-6-1970. The court's jurisdiction was limited to adjudication of traffic infractions and misdemeanors.[1] Whitesitt became the Town Court Judge on January 31, 2011, after the prior judge resigned. Whitesitt was appointed to complete the prior judge's four-year term, which ended on December 31, 2011.

Also in January 2011, the Henry County Prosecutor notified the Town that it would no longer refer misdemeanor offenses to the Town Court. Due to the resulting revenue shortfall from the lack of court costs and fines, on July 21, 2011, the Town passed Ordinance 7-2011 abolishing the Town Court.

On September 6, 2011, Whitesitt filed a complaint for declaratory judgment and alleged that the Town violated Indiana Code section 33-35-1-1 when it abolished the Town Court. Whitesitt and the Town filed cross motions for summary judgment, and a hearing was held on January 28, 2013. The next day, the trial court issued an order

---

[1] City and town courts "are of necessity courts of limited and inferior jurisdiction." See Gill v. State, 232 Ind. 36, 39, 111 N.E.2d 275, 276 (1953).

granting the Town's motion for summary judgment and denying Whitesitt's motion. Whitesitt now appeals.

## Standard of Review

Whitesitt argues that the trial court erred when it granted the Town's motion for summary judgment. Our standard of review of summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004). Finally, our standard of review is not altered by

3

the fact that the parties filed cross-motions for summary judgment. Ind. Farmers Mut. Ins. Grp. v. Blaskie, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000).

## Discussion and Decision

Our resolution of the issue presented in this appeal hinges on our application of Indiana Code section 33-35-1-1. Therefore, we initially observe that statutory interpretation is a question of law reserved for the court and is reviewed de novo. Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control Inc., 916 N.E.2d 168, 181 (Ind. Ct. App. 2009) (quotation omitted), trans. denied. De novo review allows us to decide an issue without affording any deference to the trial court's decision. Id. Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. Id. When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. Id. We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. See Curley v. Lake County Bd. of Elections & Registration, 896 N.E.2d 24, 34 (Ind. Ct. App. 2008) (quotation omitted), trans denied.

Whitesitt argues that when it abolished the Town Court, the Town violated Indiana Code section 33-35-1-1, which provides in pertinent part:

> (a) During 2006 and every fourth year after that, a second or third class city or a town may by ordinance establish or abolish a city or town court. An ordinance to establish a city or town court must be adopted not less than one (1) year before the judge's term would begin under section 3 of this chapter.

4

(b) The judge for a court established under subsection (a) shall be elected under IC 3-10-6 or IC 3-10-7 at the municipal election in November 2007 and every four (4) years thereafter.

(c) A court established under subsection (a) comes into existence on January 1 of the year following the year in which a judge is elected to serve in that court.

(d) **A city or town court in existence on January 1, 1986, may continue in operation until it is abolished by ordinance.**

(Emphasis added).

Whitesitt argues that 2006, 2010, and every fourth year thereafter are the only years that the Town could legally abolish the Town Court, pursuant to subsection (a) of the statute; therefore, the Town violated the statute when it passed Ordinance Number 7-2011 on July 21, 2011, abolishing the Town Court. Further, he contends that the "purpose" of subsection (d) "is to provide for the continued existence of a Town Court organized under previous versions" of this statute and "not to force every town that had a town court prior to 2006 . . . to re-create that Court every time the statute was amended[.]" Appellant's Br. at 7-8.

In response, the Town argued, and the trial court agreed, that pursuant to subsection (d) of the statute, a city or town court established prior to January 1, 1986, is exempt from the restriction contained in subsection (a). Because the Town Court was established well before January 1, 1986, the trial court concluded that the Town did not violate section 33-35-1-1 when it abolished the Town Court in 2011.

The original version of the statute was codified at Indiana Code section 33-10.1-1-3, and the substance of the statute was nearly identical to the current version, but subsection (a) provided that a second or third class city or town could establish or abolish

5

a city or town court during 1982 and every fourth year thereafter. Similarly, subsection (d) provided that a city or town court in existence on January 1, 1982, could continue in operation until abolished by ordinance. The statute was amended in 1986 to substitute the year 1982 to 1986 in subsection (a) and to change the date in subsection (d) to January 1, 1986. The statute was recodified in Indiana Code section 33-35-1-1 in 2004, but the substance of the statute remained the same. In 2006, the statute was amended to its present version, which substituted the year 2006 for 1986 in subsection (a), but subsection (d) was not changed.

The history of the statute and the plain language of subsection (d) lead us to conclude that city and town courts that existed prior to January 1, 1986, can be abolished by ordinance at any time. Subsection (d) unambiguously provides that city or town courts in existence on January 1, 1986, will continue to operate until abolished by ordinance. Unlike subsections (b) and (c) of the statute, which expressly relate only to town courts established under subsection (a), subsection (d) does not contain any reference to subsection (a). The General Assembly's intent to treat courts established prior to January 1, 1986, differently from those established after that date is clear under the plain language of subsection (d) when it is considered within the entire context of the statute. To reach any other conclusion would render subsection (d) meaningless. We presume our General Assembly does not enact useless statutes or statutory provisions and intends to avoid unjust or absurd results. Hall Drive Ins Inc. v. City of Fort Wayne, 773 N.E.2d 255, 257 (Ind. 2002). Statutes are to be applied in a logical manner consistent with public policy and convenience with each section being considered with reference to

6

all other sections. Alberici Constructors, Inc. v. Ohio Farmers Ins. Co., 866 N.E.2d 740, 743 (Ind. 2007).

Moreover, we observe that in State v. Monfort, 723 N.E.2d 407 (Ind. 2000), our supreme court held that Article Seven, Section One of the Indiana Constitution confers upon the General Assembly the power to both create and to abolish courts unless the court's existence is constitutionally mandated. In Monfort, the legislature passed a bill in 1995 abolishing Jasper Superior Court No. 2, which was statutorily created as a court of general jurisdiction in 1990. Judge Monfort challenged the constitutionality of the law, and our supreme court concluded that while the legislature had the power to abolish the court, doing so in the middle of a judge's term violated the separation of powers provision of the Indiana Constitution. Id. at 412. "'A court of general jurisdiction, whether named in the Constitution or established in pursuance of the provisions of the Constitution, cannot be directed, controlled, or impeded in its functions by any of the other departments of the government.'" Id. (quoting Board of Commissioners v. Albright, 168 Ind. 564, 578, 81 N.E. 578, 582-83 (1907)).

Whitesitt relies on Monfort only to argue that a legislative body cannot abolish a court "except by following the correct statutory procedure." Appellant's Br. at 8. Whitesitt relies on his own interpretation of Indiana Code section 33-35-1-1 to support his claim that the statute confers authority on the Town to abolish the Town Court only in "the years 2006, 2010, 2014 and every four years thereafter." Id.

Whitesitt's reliance on Monfort is misplaced because the circumstances in Monfort are not analogous to those present in this case. The Town Court is one of

7

inferior and limited jurisdiction and was created under the authority the General Assembly conferred upon the Town.[2] Furthermore, in Monfort, our supreme court observed that "there is authority for the proposition that the separation of powers doctrine applies only to state governments and its officers, not municipal or local governments." Id. (citation omitted).

For all of these reasons, we conclude that Indiana Code section 33-35-1-1(d) provides that a town or city court created prior to January 1, 1986, may be abolished by ordinance at any time. Because the Town Court was in existence well before January 1, 1986, the Town's enactment of Ordinance 7-2011 abolishing the Town Court was statutorily authorized under Indiana Code section 33-35-1-1. We therefore affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[2] The Town Court was abolished effective October 31, 2011, two months before the end of Whitesitt's term. However, the Town voted to pay Whitesitt for those remaining two months of his term.