## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 28 2019, 8:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

John G. Shubat
Robert J. Nice
The Nice Law Firm, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Michael A. Wukmer
Derek R. Molter
Ice Miller LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Linkmeyer Development II, LLC, Linkmeyer Development Services, LLC, Brian R. Bischoff, and Steve T. Linkmeyer,

*Appellants-Plaintiffs,*

v.

City of Lawrenceburg, Indiana,

*Appellee-Defendant.*

March 28, 2019

Court of Appeals Case No. 18A-PL-1421

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No. 15C01-1512-PL-89

**Najam, Judge.**

# Statement of the Case

Linkmeyer Development II, LLC; Linkmeyer Development Services, LLC; Brian R. Bischoff; and Steve T. Linkmeyer ("Steve") (collectively "Linkmeyer") appeal the trial court's entry of summary judgment for the City of Lawrenceburg ("the City"). Linkmeyer presents two issues for our review, which we consolidate and restate as whether the trial court erred when it entered summary judgment in favor of the City.

We affirm.

# Facts and Procedural History

Around June of 2009, Linkmeyer approached the City and requested a $3,000,000 loan to facilitate a development project on seventy-seven acres to be annexed by the City. That project included the Waterview apartment complex, which would be located on sixteen of the seventy-seven acres. Thereafter, Linkmeyer planned to submit an application to the Indiana Housing and Community Development Authority for approval of tax credits for additional funding of the project. In an effort to maximize the amount of tax credits it would receive, Linkmeyer had to show "government participation" in the project. Tr. at 6. Accordingly, on November 13, Mayor Bill Cunningham and an officer of the Lawrenceburg Municipal Utilities, Charles Davis, signed a letter that stated as follows:

> The City of Lawrenceburg, Indiana, wishes to encourage development of quality affordable housing.

Therefore, the City of Lawrenceburg has approved, through the Lawrenceburg Planning Commission, funding that specifically enhances the Water[v]iew Apartment Development.

This funding, or monetary contribution, will be provided by the City to the Water[v]iew Development in the form of infrastructure (utility lines). The area in which the development is to be constructed is a previously undeveloped area of the City and the utility lines will serve only the Water[v]iew Apartments at this time. The value of the approved utility line installation contribution to the Water[v]iew Development [is] estimated to be in excess of $295,000.00.

Appellants' App. Vol. II at 40 ("the Letter").

[4] On November 30, Linkmeyer and the City executed a contract entitled "Development Agreement Between the City of Lawrenceburg, Indiana and Linkmeyer Development, LLC." *Id.* at 93. In addition, the parties executed a $3,000,000 promissory note and a mortgage in favor of the City. And on January 19, 2010, the City adopted a resolution approving a fiscal plan for the annexed property. That fiscal plan stated that Linkmeyer was solely responsible for constructing certain improvements to the annexed property, including water lines and sewer lines, and that the City would "incur no expense for these improvements." Appellants' App. Vol. II at 105.

[5]     In conjunction with Linkmeyer's construction of the Waterview apartment complex, the City ran electricity to the complex,[1] but the City did not construct water or sewer lines running to the complex.[2] Rather, the City informed Linkmeyer that Linkmeyer was responsible for the cost of the water and sewer line extensions. Thereafter, Linkmeyer defaulted on the promissory note and filed a complaint against the City alleging breach of contract. The City filed an answer and asserted counterclaims and a third party complaint. The City alleged in its counterclaims and third party complaint that Linkmeyer and some of the third-party defendants[3] had defaulted on the promissory note, and it sought to foreclose on the mortgage.

[6]     On November 3, 2016, the City filed a motion for summary judgment, and Linkmeyer filed a response. Following a hearing, the trial court granted the City's motion. This appeal ensued.[4]

---

[1] The fiscal plan stated that Linkmeyer was responsible for reimbursing Duke Energy "for any expenses incurred" in running electricity to the complex. Appellants' App. Vol. II at 105.

[2] Linkmeyer states that "the City stopped the [water and sewer] lines more than a mile away" from the apartment complex. Appellants' Br. at 20.

[3] Steven, Bischoff, and their respective wives signed personal guaranties to secure the promissory note.

[4] Linkmeyer purports to appeal from a final judgment. However, our review of the record shows that claims against one or more third-party defendants are still pending. The summary judgment order does not resolve all claims against all parties, and the trial court did not include in its order the "magic language" required under Indiana Trial Rule 56(C). Regardless, because the trial court's order includes an order for the sale of the possession of real property, this appeal is an interlocutory appeal as of right under Indiana Appellate Rule 14(A).

# Discussion and Decision

[7] We review an order for summary judgment *de novo*, which is the same standard of review applied by the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* (internal quotation marks omitted). The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.* However, the party appealing from a summary judgment decision has the burden of persuading this Court that the grant or denial of summary judgment was erroneous. *Knoebel v. Clark Cty. Sup. Ct. No. 1*, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). A trial court's findings on summary judgment aid our review by giving insight into the rationale for its decision, but they are neither required nor binding, and they do not change our standard of review. *Kesling v. Kesling*, 83 N.E.3d 111, 116 (Ind. Ct. App. 2017), *trans. denied*. We will affirm the trial court's entry of summary judgment if it can be sustained on any basis supported by the evidence. *Id.*

[8] In its order, the trial court found in relevant part that the City was entitled to summary judgment on Linkmeyer's breach of contract claim because the Letter "is not a contract because there was no consideration for the City's promise to provide utilities." Appellants' App. Vol. II at 25. The court also found that summary judgment for the City was warranted on Linkmeyer's promissory estoppel claim because Linkmeyer could not show reasonable reliance on the City's alleged promise to run utilities to Waterview. On appeal, Linkmeyer

maintains that genuine issues of material fact preclude summary judgment on both claims. We address each in turn.

### *Breach of Contract*

To prove breach of contract, Linkmeyer must prove the existence of a contract, that the City breached the contract, and damages. *Gerdon Auto Sales, Inc. v. John Jones Chrysler Dodge Jeep Ram*, 98 N.E.3d 73, 78 (Ind. Ct. App. 2018), *trans. denied*. The initial burden was on the City, as the summary judgment movant, to demonstrate the absence of any genuine issue of material fact with respect to whether the Letter included consideration and, thus, was a contract. The trial court found that the Letter "is not a contract because there was no consideration for the City's promise to provide utilities." Appellants' App. Vol. II at 25. Thus, the court concluded that the City had satisfied its burden to negate an element of Linkmeyer's breach of contract claim and that Linkmeyer had not demonstrated a genuine issue of material fact.

On appeal from the entry of summary judgment, Linkmeyer has the burden of persuasion to show that the City had failed to negate an element of Linkmeyer's breach of contract claim. *See Knoebel*, 901 N.E.2d at 531-32. However, in its ten-page argument addressing breach of contract, Linkmeyer fails to cite *any* legal authority other than that setting out our standard of review. Remarkably, Linkmeyer neither sets out the elements of a valid contract nor the elements of a breach of contract claim. *See* Ind. Appellate Rule 46(A)(8)(a). And the word "consideration" does not appear anywhere in Linkmeyer's brief on appeal. Linkmeyer's argument consists only of legally unsupported assertions that the

City had "promise[d] to take the utilities to the Waterview site" and that the designated evidence "establishes the factual basis for the allegation that a contract was formed" by the Letter. Appellants' Br. at 7, 12.

[11] Further, the trial court found that, "[p]ursuant to the integration clause [in the November 30 development agreement, Linkmeyer] cannot raise any prior understanding as a defense to the breach of [the] promissory note, mortgage and personal guarantee." Appellants' App. Vol. II at 29. In its brief on appeal, Linkmeyer does not challenge that finding or address the effect of the integration clause on its breach of contract claim. Rather, Linkmeyer only addresses the integration clause for the first time in its reply brief. Accordingly, Linkmeyer has waived that issue. *See Naville v. Naville*, 818 N.E.2d 552, 553 n.1 (Ind. Ct. App. 2004).

[12] Linkmeyer has not satisfied its burden to persuade us by cogent reasoning and citations to the authorities relied on that the City failed to negate an element of Linkmeyer's breach of contract claim. *See* App. R. 46(A)(8)(a). Thus, we cannot say that the trial court erred when it entered summary judgment for the City on that claim.

### *Promissory Estoppel*

[13] Linkmeyer also contends that the trial court erred when it concluded that there were no genuine issues of material fact precluding summary judgment on the promissory estoppel claim. As we recently explained:

"Estoppel is not generally applicable against government entities for the actions of public officials." *Biddle v. BAA Indianapolis, LLC*, 860 N.E.2d 570, 581 (Ind. 2007). . . . However, "estoppel may be appropriate where the party asserting estoppel has detrimentally relied on [a] governmental entity's affirmative assertion or on its silence where there was a duty to speak." *Equicor Dev., Inc. v. Westfield-Washington Twp. Plan Comm'n*, 758 N.E.2d 34, 39 (Ind. 2001). "[A] party asserting promissory estoppel must establish five elements: '(1) a promise by the promissor (2) made with the expectation that the promisee will rely thereon (3) which induces reasonable reliance by the promisee (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise." *Biddle*, 860 N.E.2d at 581 (quoting *First Nat'l Bank of Logansport v. Logan Mfg. Co.*, 577 N.E.2d 949, 954 (Ind. 1991)). Also, with respect to a government entity, the party asserting promissory estoppel must show "that estoppel is not inconsistent with the public interest." *Muncie Indus. Revolving Loan Fund Bd. v. Ind. Constr. Corp.*, 583 N.E.2d 769, 771 (Ind. Ct. App. 1991).

*Grdinich v. Plan Comm'n for Town of Hebron*, ---N.E.3d ---, Docket No., 2019 WL 966155, at *6 (Ind. Ct. App. Feb. 28, 2019).

[14]    Here, on summary judgment, the City argued in relevant part, and the trial court found in relevant part, that Linkmeyer could not have reasonably relied on the Letter when the fiscal plan, passed only two months later, on January 19, 2010, expressly provided that Linkmeyer was "responsible for water and sanitary sewer utility costs." Appellants' App. Vol. II at 30. On appeal, Linkmeyer does not even set out the elements of a promissory estoppel claim

but merely states, without citation to the record,[5] that the designated evidence shows that it reasonably relied on the City's promise to run the utilities to Waterview. Further, Linkmeyer asserts, without citation to the designated evidence or relevant legal authority, that the fiscal plan does not negate the reasonable reliance element of equitable estoppel because it was "ambiguous" and "was not directly contradictory to Linkmeyer[]'s understanding of the City's intent" to run utilities to the site. *Id.* at 20. Once again, Linkmeyer has not satisfied its burden of persuasion on appeal, and we cannot say that the trial court erred when it entered summary judgment for the City on the promissory estoppel claim.

## *Conclusion*

A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). An appellate brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. *Id.* On review, we will neither search the record to find a basis for a party's argument nor search the authorities cited by a party in order to find legal support for its position. *Id.* A trial court's summary judgment

---

[5] Linkmeyer does not direct us to a single piece of designated evidence in its argument section on promissory estoppel. Linkmeyer's broad reference to "the facts discussed, *supra*" at the opening of this section of its brief is woefully insufficient to satisfy its burden on appeal. Appellants' Br. at 17.

ruling is clothed with a presumption of validity, and the losing party has the burden of establishing that the trial court erred. *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 994 (Ind. Ct. App. 2014), *trans. denied*. Linkmeyer has not met its burden of persuasion to show that the City failed to negate an element of Linkmeyer's breach of contract or promissory estoppel claims, and we thus cannot say that the entry of summary judgment for the City was erroneous.

[16] Affirmed.

Pyle, J., and Altice, J., concur.