## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2018, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Michael A. Kennedy
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Traci Marie Cosby
Thomas James O'Grady Moore
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael A. Kennedy, *Appellant-Plaintiff,* <br><br> v. <br><br> The Honorable Joe Hogsett, Mayor of Indianapolis, and the Indianapolis Department of Public Works, *Appellees-Defendants.* | July 3, 2018 <br><br> Court of Appeals Case No. 18A-MI-431 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Michael D. Keele, Judge <br><br> The Honorable Ian L. Stewart, Commissioner <br><br> Trial Court Cause No. 49D07-1710-MI-38021 |

**Najam, Judge.**

## Statement of the Case

Michael A. Kennedy filed a complaint against The Honorable Joe Hogsett, Mayor of Indianapolis, and the Indianapolis Department of Public Works (collectively "the City") seeking a declaratory judgment and a "mandate to compel" the City to remove an obstruction on private property that, Kennedy alleges, is located in a regulated drain. The City moved to dismiss Kennedy's complaint for failure to state a claim upon which relief can be granted, and the trial court granted that motion following a hearing. Kennedy raises a single dispositive issue for our review, namely, whether the obstruction on private property is located in a regulated drain. We affirm.

## Facts and Procedural History

Kennedy has lived in the Ivy Hills neighborhood in Indianapolis since 1981. Kennedy's home abuts a channel known as the Howland Ditch, which spans several miles in the northeast part of Indianapolis from the Castleton area to the Glendale area. There are regulated drains located in several sections of the Howland Ditch.

In the late 1970s, one of Kennedy's neighbors whose property also abuts the Howland Ditch constructed a private crossing[1] "that impedes the storm water conveyance" of the Howland Ditch and causes flooding at Kennedy's

---

[1] The parties refer to the obstruction as a "private crossing," so, for ease of discussion, we will also refer to it as such. We note that the private crossing appears to consist of a bridge with cement or some other type of material built up underneath the bridge that obstructs the flow of water.

residence. Appellant's Br. at 12. After several flooding events over the years, Kennedy began contacting the City to request that it remove the private crossing. The City informed Kennedy that, because the private crossing was on private property and not in a regulated drain, the City was unable to remove the obstruction.

[4] On October 9, 2017, Kennedy filed a complaint against the City seeking a declaratory judgment and a mandate to compel the City to remove the private crossing.[2] The City moved to dismiss Kennedy's complaint for failure to state a claim upon which relief can be granted. In support of the allegations in his complaint, Kennedy filed more than twenty exhibits. The City also filed an exhibit in support of its motion. Following a hearing, the trial court dismissed Kennedy's complaint. This appeal ensued.

## Discussion and Decision

[5] The City moved to dismiss Kennedy's complaint under Indiana Trial Rule 12(B)(6), the parties submitted exhibits to the trial court, and the court granted the City's motion following a hearing. Trial Rule 12(B) provides, in pertinent part, that

> [i]f, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not

---

[2] Kennedy does not state whether he has also filed a lawsuit against the neighbor who erected the private crossing.

excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Doe v. Adams*, 53 N.E.3d 483, 492 (Ind. Ct. App. 2016), *trans. denied*. Here, as the City points out, both the City and Kennedy submitted exhibits[3] to the trial court relevant to the motion to dismiss, and the court did not exclude any of the exhibits. On appeal, the City maintains that the motion to dismiss was automatically converted to a summary judgment motion, and Kennedy does not allege that he was denied a reasonable opportunity to respond or was otherwise prejudiced. Accordingly, we treat the trial court's order on the City's motion to dismiss as an order granting summary judgment in favor of the City.

[6] We review an order for summary judgment *de novo*, which is the same standard of review applied by the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). The moving party must "affirmatively negate an opponent's claim" by demonstrating that the designated evidence raises no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

---

[3] Kennedy does not dispute the City's contention that its motion to dismiss was properly converted to a summary judgment motion.

(internal quotation marks omitted). The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact. *Id.* The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Knoebel v. Clark County Superior Court No. 1*, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).

[7] In his complaint, Kennedy maintains that "the full length of [the] Howland Ditch," including the area where the private crossing is located, is a regulated drain. Therefore, Kennedy continues, the City has the authority and obligation to remove the private crossing obstruction pursuant to Indiana Code Sections 36-9-27-46 and -72.[4] Appellant's App. Vol. II at 9. Accordingly, the dispositive issue on appeal is whether the private crossing is in a regulated drain.

[8] A "regulated drain" is defined by Indiana law as "an open drain, a tiled drain, or a combination of the two." Ind. Code § 36-9-27-2 (2018). An "open drain" is "a natural or artificial open channel that: (1) carries surplus water; and (2) was established under or made subject to any drainage statute." *Id.* A "tiled drain" means a tiled channel that: (1) carries surplus water; and (2) was established under or made subject to any drainage statute. *Id.* There is no question that the Howland Ditch is not a tiled channel. Rather, the only

_____

[4] The City asserts that Kennedy sought to have the City declare that the portion of the Howland Ditch where the private crossing is located is a regulated drain, but Kennedy expressly denies that he made any such request. *See* Reply Br. at 6. Rather, Kennedy asserts only that the relevant portion of the Howland Ditch is already a regulated drain. Accordingly, we need not address the City's concern.

question on appeal is whether the Howland Ditch is an open channel that "was established under or made subject to any drainage statute." *Id.*

[9] The City argued to the trial court that, while portions of the Howland Ditch are regulated drains, the areas abutting Kennedy's house and the location of the private crossing are *not* regulated drains. While Kennedy asserted that the private crossing is in a regulated drain, he did not present any evidence to the trial court to support his contention. Indeed, Kennedy's own exhibits show unequivocally that the private crossing is not located in a regulated drain. For example, Kennedy's Exhibit 18A is an email from Ben Easley, an employee with the Indianapolis Department of Public Works, who states that, while "several sections of Howland Ditch" are regulated drains, "the area in question—the private crossing just south of 79th Street—is not" in a regulated drain.

[10] We reject Kennedy's contention that, because the Howland Ditch is one continuous channel that contains several regulated drains within it, and because the City has performed maintenance throughout the Howland Ditch, including dredging, that the regulated drains have become "connected" and are, therefore, one regulated drain.[5] Appellant's Br. at 14. In support of that

---

[5] To the extent Kennedy contends that the City "assumed a duty" to treat areas of the Howland Ditch that are not regulated drains as regulated drains when it considered plans to improve the channel or otherwise perform maintenance, he does not support that contention with citation to relevant authority.

contention, Kennedy cites Indiana Code Section 36-9-27-34(b)(3)(E) and (F), which provide that

> *a regulated drain is in need of construction* when . . . topographical or other changes have made the drain inadequate to properly drain the lands affected without extensive repairs or changes, including . . . extending the length of a drain [or] . . . changing the course of a drain.

(Emphasis added). But nothing in those subsections supports Kennedy's contention that repairs to a channel located between two regulated drains automatically transforms the entire channel into one continuous regulated drain. Rather, Indiana Code Section 36-9-27-34 merely specifies when a regulated drain is in need of construction, which is not a concern in this case.

[11] Kennedy also cites Indiana Code Section 36-9-27-53 to support his contention on appeal. That statute provides as follows:

> (a) Whenever:
>
>> (1) the [drainage] board has initiated, or is considering initiating, a proceeding to reconstruct a regulated drain under this chapter;
>>
>> (2) one (1) or more other regulated drains in the same watershed are in need of reconstruction;
>>
>> (3) the board finds that no substantial injustice would result from treating the drains as a single drain; and
>>
>> (4) the board has given notice and a hearing to the owners of affected land;

the board may issue an order combining the drains.

(b) The notice shall be published:

(1) at least once; and

(2) not less than ten (10) nor more than thirty (30) days before the date of the hearing;

in a newspaper of general circulation in the area affected. Notice shall also be given to an attorney of record in the manner provided in section 110 of this chapter.

(c) After an order is issued under this section, this chapter applies to the combined drains as if they were a single drain.

*Id.*

[12] Kennedy's reliance on this statute is misplaced, as he directs us to no evidence that the drainage board[6] either issued notice of intent to combine regulated drains or issued an order causing regulated drains to be combined in the Howland Ditch. Accordingly, Kennedy has not shown that two or more regulated drains were combined to form a single drain under the statute.

[13] Finally, we address Kennedy's suggestion that the designation of the Howland Ditch on various maps and, especially, in plans for a 1986 reconstruction

---

[6] Per Indiana Code Section 36-9-27-5, the Board of Public Works acts as the drainage board in Indianapolis.

project ("the Simpson project") proves that the entire channel is a regulated drain. In particular, Kennedy states as follows:

> Obviously, someone at The City told Simpson that all of the channel is Howland Ditch, and obviously The City believed that all of the channel had been made "subject to any drainage statute" or else, surely, The City would not spend hundreds of thousands of dollars on Simpson's design and plan for several millions more to construct it.

Reply Br. at 20. But, again, Kennedy has not demonstrated that the City's maintenance of the Howland Ditch caused separate regulated drains within the Ditch to be connected or otherwise combined to make the channel a regulated drain in its entirety. None of the maps Kennedy submitted to the trial court show that the private crossing is in a regulated drain. And Kennedy's Exhibit 19G merely depicts Simpson Engineering Company's plans for "channel improvements" to the Howland Ditch.

[14] In sum, the City's motion to dismiss was converted to a summary judgment motion because both parties submitted exhibits that were not excluded by the trial court. The City made a *prima facie* case that it had no authority to remove the private crossing because it is not located in a regulated drain. Kennedy did not designate any evidence to refute that fact, and he concedes that whether the private crossing is in a regulated drain is the dispositive issue in this appeal. *See* Appellant's Br. at 18 ("The issue of the legal status of Howland Ditch . . . as a regulated drain(s) is the necessary precursor to the goal of The Homeowner, namely that flooding be eliminated or reduced[.]") Kennedy does not direct us

to any evidence that the Howland Ditch is an open channel that was established under or made subject to any drainage statute, and he has not otherwise demonstrated that the private crossing is located in a designated drain. Accordingly, there being no genuine issue of material fact, the City is entitled to summary judgment as a matter of law, and the trial court did not err when it granted the City's motion.

[15] Affirmed.

Robb, J., and Altice, J., concur.